**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION**

| | |
|---|---|
| TONY REED, ) | |
| ) | |
| Petitioner, ) | |
| ) | CAUSE NO. 3:16-CV-621 RL |
| vs. ) | |
| ) | |
| SUPERINTENDENT, ) | |
| ) | |
| Respondent. ) | |

**OPINION AND ORDER**

This matter is before the Court on the Petition under 28 U.S.C. Paragraph 2254 for Writ of Habeas Corpus, filed by Tony Reed, a *pro se* prisoner, on October 1, 2016 (DE #9). For the reasons set forth below, the petition (DE #9) is **DENIED** pursuant to Habeas Corpus Rule 4 and the motion for leave to proceed in forma pauperis (DE #7) is **DENIED as MOOT**. The clerk is **DIRECTED** to close this case.

BACKGROUND

In the petition, Reed is challenging the prison disciplinary hearing (WCC 16-03-0227) where he was found guilty on March 28, 2016, of possessing a deadly weapon in violation of A-106 by the Disciplinary Hearing Officer (DHO). Reed was sanctioned with the loss of 60 days earned credit time.

The Conduct Report charges, "On 3/10/2016 at approximately 5:40 am, during an E Squad shakedown I, Sgt. M. Dombrowski

-1-

conducted a search of Offender Reed, Tony 902503 and his property. As I searched Offender Reed, Tony, I observed Offender Reed, Tony remove a small package containing two razor blades from his oral cavity. While searching Offender Reed's property box, I found an unauthorized lock." (DE #9-1 at 3.)

DISCUSSION

When prisoners lose earned time credits in a prison disciplinary hearing, they are entitled to certain protections under the Due Process Clause: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision maker; (3) an opportunity to call witnesses and present documentary evidence in defense when consistent with institutional safety and correctional goals; and (4) a written statement by a fact finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 563 (1974). To satisfy due process, there must also be "some evidence" to support the hearing officer's decision. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985).

Reed argues that there was insufficient evidence to have found him guilty because he used the razors to cut hair. He also complains that the report mentioned him possessing both a lock and a razor, but he was only found guilty of possessing the razor. In evaluating whether there is adequate evidence to support the

findings of a prison disciplinary hearing, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985). Even a conduct report alone can provide evidence sufficient to support the finding of guilt. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999).

> In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis.

*Hill*, 472 U.S. at 457 (quotations marks and citation omitted).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

Here, there was sufficient evidence to find Reed guilty of possessing a dangerous weapon. Though he argues that the razors were merely going to used to cut hair, the hearing officer was not required to accept his version of events. It was not unreasonable

for the hearing officer to have concluded that it could have been used as a weapon. Surely, a disposable razor - like many common items - can be fashioned into a weapon by a creative inmate, but that does not mean that every inmate with a disposable razor is guilty of possession of a dangerous weapon. Without more, it is merely a disposable razor. Here, though, Reed altered the disposable razor by removing the razor blades and then hiding them in his mouth in an attempt to avoid their detection. The DHO heard Reed's arguments, weighed the facts, and found against him. There is no indication that the decision was arbitrary. "The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 457 (1985). It is not for this court to re-weigh the evidence.

Reed's complaint about the conduct report fares no better. The purpose of a conduct report is to inform the inmate of the charge against him. *Wolff* requires advance notice of sufficient facts to inform the accused of the behavior with which he is charged. 418 U.S. at 570. Here, the conduct report identifies the offense as "Possession of a Deadly Weapon." The offense code is identified as "A-106". The conduct report contained a description of the weapons found in the area. (DE #9-1 at 3.) This clearly notified Reed that he was charged with possession of a deadly weapon. It does not matter that he was only found guilty of

possessing one deadly weapon and not two.

> Because the factual basis of the investigation report gave [him] all the information he needed to defend against the . . . charge, the reviewing authority's modification did not deprive [him] of his due process rights.

*Northern v. Hanks*, 326 F.3d 909, 911 (7th Cir. 2003). Thus, this is not a basis for habeas relief.

As a final matter, Reed has moved to proceed *in forma pauperis*. (DE #7.) Upon review of the financial records, the filing fee has been paid in full. As such, there is no need for Reed to proceed *in forma pauperis*.

CONCLUSION

For the reasons set forth above, the petition (DE #9) is **DENIED** pursuant to Habeas Corpus Rule 4 and the motion for leave to proceed in forma pauperis (DE #7) is **DENIED as MOOT**. The clerk is **DIRECTED** to close this case.

**DATED: November 21, 2016**         /s/ RUDY LOZANO, Judge
                                     **United States District Court**